**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVE SCARDINA, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | 11-cv-3149 |
| v. | ) ) | Judge George W. Lindberg |
| MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING LLC; ENCORE CAPITAL GROUP, INC, | ) ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**[1]

Plaintiff Dave Scardina ("Plaintiff") respectfully requests that this Court enter an order determining that this action, alleging claims under the Telephone Consumer Protection Act ("TCPA"), may proceed as a class action against defendants Midland Credit Management, Inc., ("MCM"), Midland Funding LLC ("Midland"), and Encore Capital Group, Inc. ("Encore") (collectively "Defendants").

Plaintiff seeks to certify a class, defined as follows: (a) all persons with cellular numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

Plaintiff further requests that Curtis C. Warner and Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

---

[1] Exhibits referenced are attached to Memorandum in Support of Plaintiff's Motion for Class Certification.

1

In support of this motion, plaintiff states as follows:

## NATURE OF THE CASE

1. MCM has been attempting to collect from Plaintiff a credit card debt owned by Midland Funding. The third defendant, Encore, is responsible for the overall collection strategies used to collect the accounts. Encore also raises money in public securities markets to acquire the debts which are transferred to Midland Funding or other similar entities and collected by MCM.

2. MCM has attempted to collect the debt through automated calls ("robo calls") to the Plaintiff's cell phone.

3. Plaintiff did not provide his cellular phone number to MCM or HSBC Bank Nevada N.A., the original creditor of the debt MCM was attempting to collect. On information and belief, Defendant obtained Plaintiff's cellular telephone number from HSBC Bank Nevada, N.A. who obtained it from United Recovery Systems, LP, who on or about October 15, 2010, obtained it from Experian, which provides skip tracing services.

4. In a letter dated November 1, 2010, Plaintiff informed United Recovery Systems, LP, "Please stop calling my telephone number XXX-XXX-0519 for collecting the HSBC Bank account you tell me I owe: Account No.: XXXXXXXXXXXX7795", which according to the United States Postal Service was received by United Recovery Systems, LP, on November 4, 2010.

5. Notwithstanding this, Defendant MCM placed phone calls in an attempt to reach Plaintiff at the telephone number XXX-XXX-0519, at a minimum, on or about the following dates and times:

    a.    April 27, 2011 at 8:19 a.m.;

    b.    April 27, 2011 at 5:03 p.m.;

    c.    April 28, 2011 at 8:11 a.m.;

    d.    April 28, 2011 at 9:45 a.m.;

    e.    April 29, 2011 at 10:13 a.m.;

    f.    April 30, 2011 at 9:55 a.m.;

g. May 1, 2011 at 10:09 a.m.;

h. May 2, 2011 at 8:07 a.m.;

i. May 3, 2011 at 8:05 a.m.;

j. May 3, 2011 at 9:12 a.m.;

k. May 3, 2011 at 11:36 a.m.;

l. May 3, 2011 at 12:43 p.m.;

m. May 4, 2011 at 8:07 a.m.;

n. May 5, 2011 at 8:12 a.m.;

o. May 5, 2011 at 10:44 a.m.;

p. May 5, 2011 at 2:23 p.m.;

q. May 7, 2011 at 9:35 a.m.;

r. May 7, 2011 at 10:40 a.m.;

s. May 7, 2011 at 12:01 p.m.;

t. May 8, 2011 at 10:39 a.m.;

u. May 8, 2011 at 10:55 a.m.;

v. May 8, 2011 at 11:30 a.m.;

w. May 8, 2011 at 10:14 p.m.;

x. May 9, 2011 at 9:30 a.m.;

y. May 9, 2011 at 9:47 a.m.;

z. May 9, 2011 at 9:55 a.m.;

aa. May 10, 2011 at 8:03 a.m.;

bb. May 10, 2011 at 8:36 a.m.;

cc. May 10, 2011 at 8:52 a.m.; and

dd. May 10, 2011 at 9:06 a.m.

6.  Plaintiff answered the call made on or about April 27, 2011 at 5:03 p.m., and was informed by a live person that the call was from Midland Credit. In response, Plaintiff informed the caller to stop calling his telephone.

7.  MCM left the following messages for Plaintiff:

   a. "(Music Plays)." Call transferred to a live person who said only, "Hello." The call was then disconnected.

   b. "Hi Dave, Dave Scardina, hello?" The call was then disconnected.

   c. "(Music Plays). All representatives are temporarily busy assisting other customers. Please continue to hold briefly. (Music Plays). We apologize for the delay. You will be connected in just a moment. Please continue to hold briefly. (Music Plays). Thank you for your patience. Your call is now next in line. We will connect you in just a moment. (Music Plays)." The call was then transferred to a live person who stated only, "Hello Dave, Mr. Scardina?" The call was then disconnected.

   d. "(Music Plays). All representatives are temporarily busy assisting other customers. Please continue to hold briefly. (Music Plays). We apologize for the delay. You will be connected in just a moment. Please continue to hold briefly. (Music Plays).The call was then transferred to a live person who stated, "Hello? [unintelligible]" The call was then disconnected.

   e. "(Music Plays). All representatives are temporarily busy assisting other customers. Please continue to hold briefly. (Music Plays). We apologize for the delay. You will be connected in just a moment. Please continue to hold briefly. (Music Plays). Thank you for your patience. Your call is now next in line. We will connect you in just

a moment. (Music Plays)." The call was then transferred to a live person who only stated, "Hello. Hello." The call was then disconnected.

**CLASS CERTIFICATION REQUIREMENTS**

8.  All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met with respect to this class.

9.  The Class is so numerous that joinder of all members is impracticable. At issue are prerecorded telephone messages regularly and systematically used by defendants in attempt to collect debts from consumers. Plaintiff alleges on information and belief that there are more than 40 members of the class.

10. Plaintiff will obtain the exact number of class members in each class through discovery and requests a briefing schedule long enough to obtain such information.

11. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant question is whether calling persons' cellular telephone with an automatic telephone dialing service and/or an artificial or prerecorded voice without prior express consent violates the TCPA, and whether that conduct was willful.

12. Plaintiff's claims are typical of the claims of the class members in that the alleged violations are all based on the lack of prior express consent.

13. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of debt collection abuse claims and class actions (Exhibit B-C).

14. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a.   Individual actions are not economically feasible.

   b.   Members of the classes are likely to be unaware of their rights;

15. Plaintiff is filing a class certification motion at this time because of the decisions in <u>White v. Humana Health Plan, Inc.</u>, 06 C 5546, 2007 U.S.Dist. LEXIS 32263 (N.D.Ill. May 2, 2007); <u>Baker v. N.P.F. Liquors, Inc.</u>, 08 C 3494, 2008 U.S. Dist. LEXIS 116964 (N.D. Ill. Dec. 30, 2008); and <u>Martin v. PPP, Inc.</u>, 10 C 140, 2010 U.S. Dist. LEXIS 63192 (N.D. Ill. June 25, 2010).

16. In further support of this motion, plaintiff submits the accompanying memorandum of law.

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/Cassandra P. Miller
Cassandra P. Miller

Curtis C. Warner     (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
       & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

     I, Cassandra P. Miller, hereby certify that on May 11, 2011, I caused to be filed the foregoing documents via the CM/ECF System. I also caused the foregoing document to be served via process server upon the following:

Midland Funding LLC
c/o Corporation Service Co.
801 Adlai Stevenson Drive
Springfield, IL 62703-4261

Midland Credit Management, Inc.
c/o Corporation Service Co.
801 Adlai Stevenson Drive
Springfield, IL 62703-4261

Encore Capital Group, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

                                                              s/ Cassandra P. Miller
                                                              Cassandra P. Miller