**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVE SCARDINA, individually and on behalf of a class, ) | ) | |
| Plaintiff, ) | ) | 11-cv-3149 |
| v. ) | ) | Judge George W. Lindberg |
| MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING LLC; ENCORE CAPITAL GROUP, INC, ) | ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. ) | ) | |

**STIPULATED PROTECTIVE ORDER**

**WHEREAS**, the parties desire to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately information and material entitled to be kept confidential, and ensure that protection is afforded only to information and material so designated or entitled,

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties through their respective attorneys, that the following confidentiality order be entered, pursuant to Federal Rule of Civil Procedure 26(c):

1.  Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Designation of "Attorneys' Eyes Only" material must be made by placing or affixing on the document in a manner which will not interfere with its legibility the words "CONFIDENTIAL-ATTORNEYS' EYES ONLY." One

may make such a designation only when such person/entity in good faith believes it contains a higher degree of sensitive and confidential information and disclosure to the parties could have an adverse market or financial impact on the producing party other than as evidence in this case. Except for documents produced for inspection at the party's facilities, the designation of information as confidential or attorneys' eyes only must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked as confidential or attorneys' eyes only.  Once specific documents have been designated for copying, any documents containing confidential or attorneys' eyes only information will then be marked as appropriate after copying but before delivery to the party who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of confidential or attorneys' eyes only documents before they are copied and marked accordingly pursuant to these procedure.

2. Portions of any documents, pleadings or any other writings, which disclose any confidential documents or any information contained in confidential documents, shall also be deemed confidential.

3. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential or attorneys' eyes only if they are designated as such when the deposition is taken.

4. Information or documents designated for protection under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in Paragraph (4) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).  The parties must not disclose

information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has been certified.

5. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as protected under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure of confidential or attorneys' eyes only material may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure of confidential material may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information. Materials designated as attorneys' eyes only may not be disclosed to the parties or any of the parties' employees.

(iii) Disclosure of confidential or attorneys' eyes only material may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure of confidential or attorneys' eyes only material may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior

to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

6. Except as provided in Paragraph (4), counsel for the parties must keep all documents designated as confidential or attorneys' eyes only which are received under this Order secure within their exclusive possession and must place such documents in a secure area.

7. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as applicable, if those words do not already appear.

8. In addition to the parties to this lawsuit, any third-parties involved in discovery in this case shall likewise be entitled to designate material for protection.

9. Specifically, the parties allege that documents and information belonging to third party Noble Systems Corporation ("Noble") are relevant to this civil action. The following provisions apply to all documents, information, and testimony belonging to, provided by, or originated by Noble ("Noble Material"), including but not limited to user manuals; product documentation; and information on services, pricing, contracts, and agreements, without regard to when or to whom the Noble Material has been previously disclosed:

(i) All Noble Material shall be deemed presumptively confidential and subject to the terms of this Order, regardless of whether the material is labeled as being confidential.

(ii) Noble may additionally designate any Noble Material "ATTORNEYS' EYES ONLY" at any time.

    (iii)  The deposition of Jim Noble, or any Noble officer, director, or employee, shall be designated "Confidential" in its entirety, and Noble may additionally designate portions of the testimony "ATTORNEYS' EYES ONLY" either during the deposition, or within thirty (30) days of Noble's receipt of the transcript. Any Noble deposition transcript will be for attorneys' eyes only in its entirety until thirty (30) days after Noble's receipt of the transcript.

    (iv)  Prior to the filing of any Noble Material with the Court, the filing party shall give Noble at least ten days' prior written notice. In the event Noble objects to such disclosure, the filing must be made under seal.

    (v)  Prior to the disclosure of any Noble Material to any consultant or expert, the disclosing party shall give Noble at least ten days' prior written notice, during which time Noble may place restrictions upon or prohibit the disclosure.

  10.  A party seeking to file any document under seal must show good cause and move the court for an order sealing that document. Any such motions shall include a brief description of each document that party seeks to file under seal. The party should be prepared to present copies of each document to the court on the day of hearing. Any document which the court orders shall be filed under seal, shall be filed according to the Local Rules of LR5.8 and LR26.2.

  11.  The designation of confidentiality or attorneys' eyes only by a party may be challenged by the opponent upon motion. The movant must accompany such a motion with the statement required by Rule 37.2 of the Local Rules of the U.S. District Court for the Northern District of Illinois.

  12.  At the conclusion of the litigation, all material not received in evidence and protected under this Order must be returned to the originating party. If the parties so stipulate, the material may be destroyed.

13. Until modified by agreement between the parties or by an additional Order of this Court, this Order shall remain in full force and effect.

14. This Court retains jurisdiction of the parties hereto indefinitely respecting any dispute between them concerning improper use of information disclosed under protection of this Order.

**SO ORDERED.**

**ENTERED:** September 13, 2011

_____
Hon. George W. Lindberg,
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVE SCARDINA, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | 11-cv-3149 |
| v. | ) ) | Judge George W. Lindberg |
| MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING LLC; ENCORE CAPITAL GROUP, INC, | ) ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | ) | |

**ACKNOWLEDGMENT OF INFORMATION OF DISCLOSURE RESTRICTIONS**

_____ states as follows:

1. I have read and know the contents of the Stipulated Protective Order dated _____, 2011 and filed in the above-entitled action on _____, 2011.

2. I am one of the persons described in Paragraph 4(i)-(iv) of the Stipulated Protective Order, and I am executing this affidavit to satisfy the conditions provided in Paragraph 4(i)-(iv) of the Stipulated Protective Order prior to the disclosure to me of any material designated as confidential or attorneys' eyes only ("Protected Matter") as described in the Stipulated Protective Order.

3. I expressly represent and agree that:

   (a) I have read and agree I shall be fully bound by the terms of the Stipulated Protective Order;

   (b) All Protected Matter disclosed to me pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence,

and I shall not disclose or use the original or any copy of, or the subject of, the Protected Matter except in accordance with the Stipulated Protective Order;

(c)  If I am entrusted with the possession of any copies of the Protected Matter, I will take all reasonable precautions to avoid any inadvertent disclosure of the Protected Matter and upon completion of the task for the purpose of which the disclosure is made I will return all copies of the Protected Matter to the attorneys making the disclosure to me and either destroy or turn over to that counsel any notes or memoranda I have regarding the Protected Matter;

(d)  I shall not disclose the contents or subject matter of any such Protected Matter to anyone, other than in accordance with the Protective Order (including the requirement of obtaining an affidavit) at anytime hereafter.

4. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person wherever I shall be, for the enforcement of the Court's Order.

Dated: _____, 2011                    _____

CHICAGO\3355928.1
ID\BJN - 097356/0103